*E-FILED - 5/9/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br>ALEJANDRO NAVARRO-VALENZUELA,<br>　　　　Defendant. | Case No. CR-06-771 RMW<br><br>ORDER RE PAYMENT FOR COMPETENCY EVALUATION |

The court previously determined following the initial suggestion of defense counsel that the mental competence of defendant Navarro-Valenzuela should be evaluated. The government did not disagree. The court suggested that the examination be performed locally and asked the parties to submit a proposed order for the examination. Pretrial Services then found a doctor who could do the examination, although a Spanish interpreter would be required since the defendant speaks Spanish and a Spanish speaking psychiatrist could not be found.

The parties now disagree as to whether the examination should be done locally, and, if so, who should pay for the examination. The government contends that the defendant should be examined in a Bureau of Prisons facility at government expense or that CJA funds should be used to pay for the defendant's local evaluation well as related interpreter services. The defense contends that the United States Attorney's Office is responsible and that historically, in this division, it has done so. Pretrial Services confirms that historically the United States Attorney's Office has funded such examinations.

The government argues that the statutory provision for competency evaluations, 18 U.S.C. § 4241, is silent as to which party is required to pay for a local examination. It acknowledges, however, that the CJA Guidelines, adopted by this district, calls for the government to pay for competency evaluations but do not require that they be conducted locally. The government argues that the defendant's competency evaluation can be more efficiently handled by sending the defendant to a Bureau of Prisons facility. These facilities, according to the government, specialize in such examinations and are the standard destination for those defendants requiring such evaluations. The government asserts that requiring a local examination at government expense undermines the efficacy of the Bureau of Prisons Facilities and imposes unnecessary costs on the United States Attorney's Office. Finally, the government argues that if the court orders a local examination, CJA funds should be used because they are to be used where the defendant selects the expert and controls disclosure of the report.

The defense argues that the CJA Guidelines provide that examinations to determine mental competency to stand trial are to be paid by the Department of Justice regardless of the party requesting the examination. The defendant further correctly points out that the court made the decision that defendant's mental competence to stand trial should be evaluated and that the defense neither selected nor will control the disclosure of the report.

The court hereby order that defendant's mental competence to stand trial be evaluated by Dr. Jeff Gould, or if not available, another physician appointed by the court at the suggestion of Pretrial Services. The United States Attorney's Office shall pay for the examination and any necessary translation services. The parties are to meet and confer and submit, within five days, an appropriate proposed order, or if they cannot agree, their respective proposals.

The court finds that the responsibility for payment for the mental competency examination rests with the government. In this case, the court is satisfied, despite the government's argument to the contrary, that the costs of a local examination will involve less outlay of government funds than a referral to a Bureau of Prisons facility. Also, a local examination will be accomplished in a matter of a few days whereas referral to a Bureau of Prison's facility will take weeks, if not longer.

DATED:   5/8/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER RE PAYMENT FOR COMPETENCY EVALUATION
CR-06-771-RMW                                              2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
Joseph A. Fazioli

**Counsel for Defendant(s):**
Jay Rorty

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF. program.

**Dated:**   5/9/07                                          /s/ JG
                                                                              **Chambers of Judge Whyte**