*E-FILED - 5/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR-06-00771-RMW |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR ORDER AUTHORIZING INVOLUNTARY MEDICATION TO RESTORE COMPETENCE |
| vs. | |
| ALEJANDRO NAVARRO-VALENZUELA, | |
| Defendant. | |

This matter comes before the court on cross-motions. The United States seeks an order permitting the involuntary administration of medication to defendant Navarro-Valenzuela to restore his mental capacity to stand trial. The defense seeks an order denying the Government's request to involuntarily medicate the defendant and directing the Attorney General to release him from custody. The court has reviewed the forensic evaluations made jointly by a staff psychiatrist and a staff psychologist at the Federal Medical Center in Butner, North Carolina, dated March 3, 2008 and May 13, 2008, a criminal history report on defendant and the briefs of the parties and held a hearing at which it heard oral argument. The court hereby grants the motion to involuntarily medicate the defendant.

## I. BACKGROUND

Defendant Alejandro Navarro-Valenzuela has been charged with one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326. At the request of defendant's counsel, the

Order Granting Motion for Order Authorizing Involuntary Medication to Restore Competence
Case No. CR-06-00771-RMW

1 court ordered that defendant be evaluated for mental competency by a local psychiatrist. An
2 examination was performed by Jeff Gould, M.D. who concluded that defendant was not competent
3 to stand trial. The court then ordered defendant committed to the care of the Bureau of Prisons for
4 the purpose of attempting to restore his competency. The staff at the Federal Medical Center at
5 Butner, North Carolina concurred that defendant was incompetent to stand trial and gave him a
6 principal diagnosis of schizophrenia, paranoid type. The medical staff further advised that defendant
7 refused to take psychotropic medication which was recommended. They offered the opinion that
8 there was a substantial probability that defendant's competency could be restored with a period of
9 treatment with antipsychotic medication and asked the court to make a decision regarding the
10 appropriateness of treatment involving involuntary administration of medication. The court then
11 requested a detailed report regarding a proposed treatment plan for defendant if the involuntary
12 medication of defendant were to be authorized. The proposed treatment plan was provided in a
13 report dated May 13, 2008 by Bruce Berger, M.D., a psychiatrist, and Jill R. Grant, Psy.D., a
14 psychologist ("*Sell* Report"). They are of the opinion that there is a substantial probability that
15 defendant's competency status could be restored with a period of treatment with antipsychotic
16 medication. Therefore, they recommend that the court consider authorizing the involuntary
17 administration of antipsychotic medication as proposed in their treatment plan.

## LEGAL STANDARD

19 The Constitution permits the Government to administer antipsychotic drugs involuntarily to a
20 mentally ill criminal defendant in order to render him competent to stand trial for serious, but not
21 violent, crimes but only in limited circumstances. *Sell v. United States*, 39 U.S. 166, 169 (2003).
22 The instances where this can be done without violating the defendant's due process rights are rare.
23 *See United States v. Hernandez-Vasquez*, 513 F.3d 908, 913 (9th Cir. 2008). Preliminarily, the court
24 should consider whether forced medication can be justified on grounds other than to restore the
25 defendant to competence for trial. *Id.* at 913-914. "[G]iven the requirements of the prison
26 environment, the Due Process Clause permits the State to treat a prison inmate who has a serious
27 mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or
28 others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210,

Order Granting Motion for Order Authorizing Involuntary Medication to Restore Competence
Case No. CR-06-00771-RMW

227 (1990). If there are not alternative grounds justifying the administration of forced medication, *Sell* requires that the court make four findings before ordering the forced administration of medication in an attempt to render a defendant competent to stand trial.

> First, the court must find that important Governmental interests are at stake.
>
> The Government's interest in bringing to trial an individual accused of a serious crime is important. That is so whether the offense is a serious crime against the person or a serious crime against property. In both instances the Government seeks to protect through application of the criminal law the basic need for security.
>
> * * *
>
> Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest.... The potential for future [civil] confinement affects, but does not totally undermine, the strength of the need for prosecution. The same is true of the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentence ultimately imposed, *see* 18 U.S.C. § 3585(b)). Moreover, the Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.
>
> Second, the court must conclude that involuntary medication will significantly further those concomitant state interests. Specifically, the court must find that the administration of the drugs is substantially likely to render the defendant competent to stand trial and substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense.
>
> Third, the court must conclude that the involuntary medication is *necessary* to further those interests. It must be shown that any alternative, less intrusive methods are unlikely to achieve substantially the same results; and the court must consider less intrusive means for administering the drugs, such as a court order backed by the contempt power.
>
> Finally, the court must find that administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition.

*Hernandez-Vasquez*, 513 F.3d at 913 (internal citations omitted).

## APPLICATION OF STANDARD TO DEFENDANT'S CASE

**A. Forced Medication Cannot Be Justified on Grounds Other Than to Restore the Defendant to Competence for Trial**

The Sell Report submitted by the Butner doctors states that there is no evidence that defendant poses a substantial risk of danger to himself or others in the current conditions of his confinement. Therefore, it appears that he has a constitutional right to refuse medication intended solely to enable him to function in a custodial environment. *See Harper*, 210 U.S. at 221-222. The

Order Granting Motion for Order Authorizing Involuntary Medication to Restore Competence
Case No. CR-06-00771-RMW

1  Government accepts this finding and makes no argument that defendant should be involuntarily
2  medicated to eliminate or reduce a risk that defendant is a danger to himself or others. The court
3  finds that there is no basis for involuntarily medicating defendant unless he meets the requirements
4  of *Sell*.

### B. Important Governmental Interests Are at Stake

"The Government's interest in bringing to trial an individual accused of serious crime is important." *Hernandez-Vasquez*, 513 F.3d at 913. A case-by-case analysis, however, is necessary to evaluate the Government's interests at stake. Here, the defendant has a serious criminal history including several narcotic trafficking violations. Further, he has reentered the United States illegally several times following deportation. Therefore, the Government has an important interest in stopping defendant from continually entering the country illegally and getting involved in narcotics offenses.

### C. Involuntary Medication Will Significantly Further Those Governmental Interests

Forced medication can only be required if it will significantly further the Government's important interest. It appears that this must be shown by clear and convincing evidence. *United States v. Bradley*, 417 F.3d 1107, 1114 (11th Cir. 2005), *United States v. Cruz-Martinez*, 436 F.Supp 2d 1157, fn 3 (S.D. Cal. 2006). The Sell Report in this case discusses several studies and concludes that the liklihood of success in defendant's case is better than 70%. There is a small risk of adverse side effects and the possibility that defendant will have a negative view about having been involuntarily medicated. However, these risks appear relatively small and, in the main, can be medically monitored.

### D. Involuntary Medication Is Necessary to Further the Governmental Interests

Some cases have raised the possibility that a court order backed by the court's contempt power might be a less intrusive method of getting a defendant to take medication. *See Hernandez-Vasquez*, 513 F.3d at 913. However, it seems problematic to expect a defendant in Navarro-Valenzuela's mental state to understand the implications of a contempt order and to make a rational decision as to whether to comply with the order. More significantly, through his communications, both written and oral, Navarro-Venezuela has made clear that he will not voluntarily take

Case No. CR-06-00771-RMW

medication. Therefore, the court concludes that a contempt order would be futile.

The Sell Report does indicate that psychotherapy, specifically cognitive-behavioral therapy, may be a valuable treatment intervention for patients with schizophrenia. However, since the disease appears to have a biological basis, psychotherapy alone would probably be of no benefit. It may assist in improving the patient's adherence to recommended antipsychotic medication once commenced.

### E. Administration of the Drugs Is Medically Appropriate

The court must consider whether the administration of antipsychotic medication is in the patient's best medical interest in light of his condition. The court is required to identify: "(1) the specific medication or range of medications that the treating physicians are permitted to use in their treatment of the defendant, (2) the maximum dosages that may be administered, and (3) the duration of time that involuntary treatment of the defendant may continue before the treating physicians are required to report back to the court on the defendant's mental condition and progress." *Id.* at 916-17. The Sell Report contains a proposed treatment plan which identifies specific medications the physicians intend to use and the maximum dosages that will be administered. This proposed plan recognizes defendant's lack of insight into his mental illness and his adamant refusal to accept the recommended treatment with oral antipsychotic medication but nevertheless proposes attempting to get defendant to willingly cooperate with the plan before resorting to involuntary treatment with antipsychotic medication. The plan calls for monitoring possible adverse side effects. The physicians also request a four month period treatment period if involuntary treatment is required. Such a treatment period seems reasonable.

The court has observed that defendant is adamant that the chip that he believes has been inserted in his body and causes him great pain must be removed. If the defendant is not involuntarily treated, he will probably be deported to Mexico without medical help. Perhaps a consequence of his treatment in this case will be that he can be medically helped. From the court's limited observation, it appears that defendant is resisting medical treatment because he does not believe that he has a medical problem and not because he has a philosophical or religious objection to medication.

**ORDER**

Based upon the above findings and reasoning, it is hereby ordered that defendant Navarro-Valenzuela may be involuntarily medicated pursuant to the proposed treatment plan as set forth on pages 17-23 of the Forensic Supplement dated May 6, 2208 and signed May 13, 2008 by Bruce Berger, M.D. and Jill R. Grant, Psy. D.  The treating physicians are to report back to this court on the defendant's mental condition and progress within four months of the commencement of treatment by the treatment staff at FMC Butner.

The Government is to prepare and submit any further orders necessary to carry out this order.

DATED: May 27, 2008

_____
RONALD M. WHYTE
United States District Judge

Copy of Order E-Filed to Counsel of Record:

Order Granting Motion for Order Authorizing Involuntary Medication to Restore Competence
Case No. CR-06-00771-RMW